

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00476-CR

| | | |
|---|---|---|
| Freddie Lee Pendley | § | From the 371st District Court |
| | § | of Tarrant County (0623361D) |
| v. | § | January 17, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the order of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00476-CR
### NO. 02-11-00477-CR

FREDDIE LEE PENDLEY                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                   STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Freddie Lee Pendley was convicted in 1998 of capital murder and attempted capital murder, and this court affirmed his convictions. *See Pendley v. State*, Nos. 02-98-00540-CR, 02-98-00541-CR (Tex. App.—Fort Worth Jan. 6, 2000, pet. ref'd) (not designated for publication). In April 2010, Appellant filed a motion for post conviction DNA testing in the trial court under

---

[1]*See* Tex. R. App. P. 47.4.

chapter 64 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2012). The trial court denied the motion by written order dated September 29, 2011. These appeals followed.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court gave Appellant the opportunity to file a brief on his own behalf, and Appellant filed a pro se brief raising three issues. The State also filed a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and the briefs filed by Appellant, his counsel, and the State. We agree with counsel that these appeals are wholly

3

frivolous and without merit; we find nothing in the record that arguably might support any appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly, we grant the motion to withdraw and affirm the trial court's orders denying DNA testing.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 17, 2013